## THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Antonio Blanchard (M-03227),  )
           )
     Plaintiff,   )
           )  Case No. 22 C 50123
    v.      )
           )  Hon. Iain D. Johnston
A. Manzano, et al.,    )
           )
     Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Antonio Blanchard, presently an inmate at Menard Correctional Center, brought this suit under 42 U.S.C. § 1983, alleging that he was subjected to retaliation in the form of a discipline report issued at Dixon Correctional Center on February 27, 2021. Defendants Manzano, Castanedo, and Skrzypinski have moved for summary judgment (Dkt. 70), arguing that Plaintiff was issued the disciplinary report due to his involvement in a fight with another inmate on February 1, 2021, not for First Amendment protected speech, qualified immunity, and that Defendant Manzano was not involved in the issuance of the disciplinary report underlying the retaliation claim. Because the record provides no evidence of retaliation, the motion for summary judgment is granted. Plaintiff's motion for attorney representation (Dkt. 90) is denied as moot.

## BACKGROUND

### I.  Northern District of Illinois Local Rule 56.1

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this court. The rule is intended "to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (internal citation omitted.) Local Rule

56.1(a) requires the moving party to provide a statement of material facts that complies with Local Rule 56.1(d). LR 56.1(a)(2). Local Rule 56.1(d) requires that "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it. The court may disregard any asserted fact that is not supported with such a citation." LR 56.1(d)(2).

The opposing party must then respond to the movant's proposed statements of fact. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); LR 56.1(e). In the case of any disagreement, "a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." LR 56.1(e)(3). "[M]ere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003).

Because Plaintiff is proceeding *pro se*, Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2. (Dkt. 73.) Plaintiff submitted a memorandum supporting his response to the motion for summary judgment (Dkt. 84.) Plaintiff's memorandum includes a reiteration of Defendants' statement of facts with notations of: "object" "disagree" or "agree" to Defendants' statements of fact (within the response, not submitted as a separate document specifically dedicated to responding to the L.R. 56.1 (N.D. Ill.) statement) and is not supported by exhibits or citations to the record (Dkt. 84).

Plaintiff also submitted a document entitled "Evidentiary Material of Exhibits of Facts in Dispute" that the Court construes as a statement of additional facts (Dkt. 86.) Plaintiff submitted another document, consisting of documents, supporting his statements of additional fact. (Dkt.

89.)  Defendants responded to the statement of additional facts (Dkt. 91), objecting to, disputing, and admitting the statements, with citations to Plaintiff's documentary submission (Dkt. 89.)

Although the Court liberally construes Plaintiff's submissions, several of his factual statements are irrelevant, argumentative, consist of legal conclusions, or consist of Plaintiff pointing to grievances or other documents without explaining the significance of these documents or quibbling about details in the documents that do not effectively dispute the contents of the document.  For instance, Plaintiff's additional statements of fact that Defendants rested their entire investigation of the underlying February 1, 2021, fight on the internal affairs report of February 2, 2021, but that the report is unsigned and that it states that the investigation was of an "Assault to an Offender."  (See Dkt. 91, ¶¶ 3,4).  As such, Plaintiff has not properly controverted any alleged statement of fact or created a dispute of fact.  *Guy v. Lara*, Case No. 98 C 3741, 2000 U.S. Dist. LEXIS 13590, *14 (N.D. Ill. September 11, 2000) (Guzman, J.); see *also Parra v. Neal,* 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.,* 589 F.3d 389, 393 (7th Cir. 2009). Because Plaintiff is proceeding *pro se*, the Court has considered his factual assertions, but only to the extent he has pointed to evidence in the record or could properly testify himself about the matters asserted.  *See Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018) (court may disregard any part of factual statement or response that consists of legal arguments or conclusions).

The Court will consider Plaintiff's response to Defendants' L.R. 56.1 (N.D. Ill.) statement and his statement of additional facts only to the extent they are supported by the record or to the extent they contain information about which Plaintiff could properly testify.  *Lamz*, 321 F.3d at 683 (7th Cir. 2003); *see also James v. Hale*, 959 F.3d 307, 315 (7th Cir. 2020) (citing Fed. R. Civ. P. 56(c)(4)); *Sistrunk v. Khan*, 931 F. Supp. 2d 849, 854 (N.D. Ill. 2013); Fed. R. Evid. 602.  The Court will not look beyond any cited material, however.  *See Johnson v. Cambridge Indus.*, *Inc.*,

325 F.3d 892, 898 (7th Cir. 2003) ("[D]istrict courts . . . are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them.").

The Court is mindful that failure to strictly comply with Local Rule 56.1, or indeed to respond at all to a motion for summary judgment, does not automatically warrant judgment in favor of the moving party. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (moving party has "ultimate burden of persuasion" to show entitlement to judgment as a matter of law). The Court will apply these standards in evaluating the evidence.

## II.    Relevant Facts[1]

Plaintiff Antonio Blanchard is an individual in custody of the Illinois Department of Corrections. (Defs. SOF, Dkt. 71, ¶ 1.) The events giving rise to his Complaint occurred while he was in custody at Dixon Correctional Center. (*Id*.) Defendant Arthur Manzano was the Internal Affairs Lieutenant at Dixon Correctional Center during the relevant time period. (*Id*. at ¶ 2.) Defendant Michael Castanedo worked in the Intelligence Unit at Dixon Correctional Center during the relevant time period. (*Id*. at ¶ 3.) Defendant Megan Skrzypinski worked in the Intelligence Unit at Dixon Correctional Center during the relevant time period. (*Id*. at ¶ 4.)

On February 1, 2021, Plaintiff was involved in a fight with another individual in custody. (*Id*. at ¶ 7.) This fight occurred near the shower area of Plaintiff's housing unit. (*Id*. at ¶ 8.) Plaintiff claimed that Correctional Officer Rodriguez was the floor officer at the time of this incident, and according to Plaintiff, Officer Rodriguez was supposed to roam the unit every fifteen minutes to see what is occurring. (*Id*. at ¶ 9.) On February 2, 2021, Plaintiff met with internal affairs at Dixon and during the interview admitted involvement in a fight with a fellow inmate on February 1, 2021, refusing to identify that inmate. (Dkt. 89, Pl. Ex. A-8 and A-9)

---

[1] Subject-matter jurisdiction is proper under 28 U.S.C. § 1346(b)(1), and venue is proper under 28 U.S.C. § 1402(b).

4

On February 4, 2021, with Skrzypinski, Castanedo interviewed Plaintiff about the fighting incident. (Defs. SOF, Dkt. 71, ¶ 10.) Castanedo and Skrzypinski were both aware that Plaintiff had admitted involvement in the February 1, 2021, fight during the February 2, 2021, interview with internal affairs going into their interview of Plaintiff. (*Id*. at ¶ 11.) During the February 4, 2021, interview, Plaintiff was shown a lineup of photos and asked to identify the person with whom he was involved in a fight. (*Id*. at ¶ 12.) Plaintiff refused to identify anyone, and the interview was ended. (*Id*. at ¶ 13.) During the February 4, 2021, interview, Plaintiff stated something to the effect of if Officer Rodriguez had done his security check that night, the incident may not have happened. (*Id*. at ¶ 14.) Skrzypinski recalls Plaintiff mentioning a male officer "Rodriguez" during the interview, but to Skrzypinski's knowledge, there was no such officer because, at that time, there were two officers named Rodriguez at Dixon but both were women. (*Id*. at ¶ 15.) Castanedo does not recall any mention of a "Rodriguez" during the interview. (*Id*. at ¶ 16.)

Plaintiff received a disciplinary ticket for fighting on February 27, 2021, which stated that Plaintiff admitted to fighting in the internal affairs interview on February 2, 2021. (*Id*. at ¶ 17.) Plaintiff was issued the disciplinary ticket because he admitted to being involved in the fighting incident on February 1, 2021, not because of any complaints about staff or his actions towards staff. (*Id*. at ¶ 18.)

Plaintiff did not speak with Defendant Manzano at all about the fighting incident or about the investigation into the fight. (*Id*. at ¶ 19.) Plaintiff sued Manzano because he thought Manzano would have some "say-so" in the investigation. (*Id*.) But Plaintiff submitted a document that indicates Manzano's involvement in the investigation. (Dkt. 89, Pl. Ex. A-10.) The document is an e-mail in which Manzano writes that the decision to issue the disciplinary report to Plaintiff on February 27, 2021, was due to his involvement in the February 1, 2021, fight. *Id.* The Illinois

Department of Corrections Administrative Review Board ultimately expunged the disciplinary report, finding not that Plaintiff was not involved in the fight, but that the Adjustment Committee did not establish factual details necessary to support its determination that Plaintiff was guilty of the offense of fighting. (Dkt. 89, Pl. Ex. A-11).

## DISCUSSION

### I.     Summary Judgment Standard

On summary judgment, the Court must view the record in the light most favorable to the non-moving party and grant the motion if the record shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Gupta v. Melloh*, 19 F.4th 990, 997 (7th Cir. 2021); Fed. R. Civ. P. 56(a). Summary judgment is warranted "against a party who fails to make a showing sufficient to establish the existence of an element that is essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment bears the initial burden of showing the grounds for their motion. *Id.* at 323. Once that party does so, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). Mere "metaphysical doubt" is not enough. *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). A factual dispute is genuine when a reasonable jury could return a verdict in favor of the non-moving party. *Id.*

The Court must construe all facts in the light most favorable to the nonmoving party and draw all legitimate inferences in favor of that party. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). "A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead

to determine whether there is a genuine issue of triable fact." *Id.*

## II. Analysis

Defendants seek summary judgment on Plaintiff's claim of retaliation for several reasons: (1) Defendants did not discipline Plaintiff due to First Amendment protected activity; (2) even if they did have retaliatory motive, Plaintiff would have been disciplined regardless because he admitted to being in a fight; (3) Defendants are entitled to qualified immunity; and (4) Defendant Manzano was not personally involved in any discipline of Plaintiff. Because the record is devoid of any evidence of retaliation, Defendants are entitled to summary judgment.

To establish a claim of retaliation, a prisoner must show: (1) that he engaged in a protected activity; (2) he suffered a deprivation likely to prevent future protected activities; and (3) there was a causal connection between the protected activity and the deprivation. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2009); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *see Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009) (prisoner must show that the protected activity was "at least a motivating factor" in the retaliatory action). If the plaintiff satisfies these elements, the burden shifts to the defendant to rebut the causal inference with evidence showing that he would have taken the same action without any retaliatory motive. *See Mays*, 575 F.3d at 650; *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005–06 (7th Cir. 2005).

If the defendant provides legitimate and non-retaliatory reasons for his actions, then the burden shifts back to the plaintiff to demonstrate that the proffered reason was pretextual and that the real reason was retaliatory animus. *See, e.g., Thayer v. Chiczewski*, 705 F.3d 237, 252 (7th Cir. 2012); *Zellner v. Herrick,* 639 F.3d 371, 379 (7th Cir. 2011). "At the summary judgment stage, this means a plaintiff must produce evidence upon which a rational finder of fact could infer that the defendant's proffered reason is a lie." *Zellner*, 639 F.3d at 379.

Plaintiff alleges that the February 27, 2021, disciplinary report Defendants issued him was in retaliation for First Amendment protected activity. His allegation seemingly stems from his refusal to cooperate in the investigation of the February 1, 2021, altercation Plaintiff was involved in with another inmate, or from a complaint about the manner in which an Officer Rodriguez completed his rounds (or failed to complete his rounds) during the altercation on February 1, 2021.

The record indicates that Plaintiff was involved in an altercation with at least one other inmate on February 1, 2021. The record further indicates that Plaintiff admitted to being involved in the altercation in an interview with internal affairs on February 2, 2021, and that Defendants Castaneda and Skrzypinski were aware of the admission when they interviewed Plaintiff on February 4, 2021. Plaintiff refused to cooperate with Defendants Castaneda and Skrzypinski during the interview and would not identify the person(s) with whom he had the February 1, 2021, altercation.

To the extent Plaintiff is asserting that his refusal to cooperate in the investigation was the reason for the alleged retaliation, such refusal is not First Amendment protected activity. *Caffey v. Maue*, 679 F. App'x 487, 490 (7th Cir. 2017). To the extent Plaintiff asserts that his complaints about an Officer Rodriguez are the motivating factor behind any alleged retaliation, the record is less clear. Defendant Skrzypinski was unaware of any such Officer Rodriguez as described by Plaintiff during the interview in his complaints. Defendant Castaneda has no memory of Plaintiff complaining about an officer Rodriguez.

What is clear from the record, though, is that Plaintiff admitted to being involved in the February 1, 2021, altercation underlying the disciplinary report issued on February 27, 2021. Multiple exhibits submitted by Plaintiff contain statements that he admitted to being involved in the altercation but refused to cooperate in the investigation. A prisoner challenging a retaliatory

disciplinary action does not have a colorable claim when he admits to having committed the alleged misconduct. *See LaBoy v. Clements*, No. 15 CV 10771, 2017 WL 2936705, at \*8 (N.D. Ill. July 10, 2017) (St. Eve, J.) (plaintiff who admitted he was making impermissible three-way calls could not argue the disciplinary action was retaliatory in nature, even if he was not convicted of every disciplinary charge); *see also Whitfield v. Snyder*, 263 F. App'x 518, 522 (7th Cir. 2008) (finding that a plaintiff who admitted to committing the misconduct giving rise to his discipline on several counts could not pursue retaliation claim); *Harris v. Hodge*, No. 3:11-CV-0097, 2016 WL 6581294, at \*4 (S.D. Ill. Nov. 4, 2016) (Rosenstengel, J.) (inmate's retaliation claim failed because he admitted that officers searched his cell because they suspected him of having contraband).

In this case, Defendants took adverse action against Plaintiff in writing the disciplinary ticket on February 27, 2021, and the undisputed evidence shows that the ticket was based on a proper, non-retaliatory motive. Specifically, the disciplinary ticket was issued after an ongoing investigation into the underlying altercation during the month of February 2021, and that Plaintiff was interviewed twice (refusing to cooperate both times) and that as a result of the investigation, and Plaintiff's admission as to being involved in the altercation, he was issued a disciplinary report.

Plaintiff attempts to counter the evidence of non-retaliatory motive by Defendants in issuing the disciplinary report by pointing to the Illinois Department of Corrections Administrative Review Board expunging the disciplinary report on September 20, 2021. Plaintiff argues (in his additional statements of fact) that the ARB "DID NOT BUY Dixon's Internal Affairs version of events." (Dkt. 86, ¶ 5 (emphasis in the original)). However, Plaintiff mischaracterizes the findings of the ARB, which stated in its September 20, 2021, notice that "while Blanchard reportedly admitted to Internal Affairs the occurrence of a fight, the committee failed to establish factual detail of such and there were no specifics on the 202." (Dkt. 89, pg. 6.) The document indicates

that the ARB found the report and evidentiary support for the adjustment committee findings to be lacking, not that Plaintiff did not admit to being in a fight. In short, the ARB found what amounts to a procedural defect, which does not support a finding, absent more, that Plaintiff's admission to being involved in the February 1, 2021, fight was the motive behind issuing him a ticket, and not a pretext for retaliatory motive. Accordingly, the Court finds that Plaintiff's attempt to create a question of fact in the face of the undisputed evidence that he admitted to being involved in the underlying incident is merely argumentative, and insufficient to create a material question of fact. *See Rivera*, 319 F. Supp. 3d at 1018.

Because the record establishes that Defendants had a non-retaliatory motive for issuing Plaintiff the disciplinary report, and Plaintiff provides no admissible and uncontroverted evidence that the non-retaliatory motive was pretextual, Defendants are entitled to summary judgment. Defendant Manzano argues that there is no evidence of his personal involvement in the alleged retaliation; however, the record includes documentation of his involvement in the investigation that led to issuing Plaintiff the disciplinary report. (Dkt. 89, pg. 5.) Accordingly, the Court finds that questions of fact remain as to whether he was personally involved. However, because the Court has found that the undisputed record establishes a non-retaliatory motive for issuing the disciplinary report and Plaintiff's failure to show that such motive was pretextual that failed argument does not impact the outcome of the motion. Additionally, because Defendants prevailed on their other arguments, the Court need not consider their argument that they are entitled to qualified immunity.

## CONCLUSION

Defendants' motion for summary judgment [70] is granted.  The Clerk is directed to enter final judgment.  Plaintiff's motion for attorney representation [90] is denied as moot.  If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  *See* Fed. R. App. P. 4(a)(1).[2]  If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome.  *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998).  If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g).

DATE:  August 28, 2024

Iain D. Johnston
United States District Judge

---

[2] Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights.  However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b).  Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment.  *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended.  *See* Fed. R. Civ. P. 6(b)(2).  A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon.  *See* Fed. R. App. P. 4(a)(4)(A)(iv).  Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order.  *See* Fed. R. Civ. P. 60(c)(1).  The time to file a Rule 60(b) motion cannot be extended.  *See* Fed. R. Civ. P. 6(b)(2).  A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment.  *See* Fed. R. App. P. 4(a)(4)(A)(vi).